**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY L. GABBARD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1112-CR-1174 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Judge
Cause No. 34D01-1003-CM-223
Cause No. 34D01-1011-FD-1002
Cause No. 34D01-1101-FD-30
Cause No. 34D01-1104-FD-318

**July 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Timothy L. Gabbard pled guilty to receiving stolen property and admitted to violating his probation for the third time. The trial court revoked his probation for his remaining sentence under the previous charges and ordered the sentence for the new charge to be served consecutively. On appeal, Gabbard contends that the sentence imposed by the trial court is inappropriate. We affirm.

**Facts and Procedural History**

At the age of twenty-two, Gabbard has accumulated numerous juvenile arrests and nine adult convictions, two of which are felonies. Appellant's App. Confidential Vol. 2 at 6. On April 6, 2011, Gabbard pled guilty to class A misdemeanor battery under cause number 34D01-1011-FD-1002 ("Cause 1002"), for which the court imposed a two-year suspended sentence, and to class D felony possession of a controlled substance under cause 34D01-1101-FD-30 ("Cause 30"), for which the court imposed a consecutive four-year suspended sentence. The trial court also extended his probation for class A misdemeanor possession of marijuana under cause number 34D01-1003-CM-223 ("Cause 223"), for which he had originally received a sentence of one year of supervised probation. Gabbard failed to report to probation under Cause 1002 and Cause 30. On April 18, 2011, the State charged Gabbard with class D felony possession of marijuana and receiving stolen property under cause number 34D01-1104-FD-318 ("Cause 318"). On November 1, 2011, Gabbard pled guilty to class D felony receiving stolen property and admitted to violating his probation for the third time. The plea agreement left the sentence to the trial court's decision.

During the sentencing hearing, on November 30, 2011, Gabbard offered two exhibits, a letter of completion of a self-direction program and his GED practice test results. He completed both programs during his eight-month incarceration prior to sentencing. In addition, Gabbard and his counsel provided character statements. The trial court acknowledged Gabbard's criminal history and that he was already on supervised probation as aggravating factors and found no mitigating factors. The trial court revoked and executed the balance of Gabbard's suspended sentences under Cause 223, Cause 30, and Cause 1002 for a total of 487 days. The trial court also imposed a sentence of three years executed in Cause 318 and ordered Gabbard to serve that sentence consecutive to the revoked sentences. Gabbard now appeals.

**Discussion and Decision**

Gabbard contends that the sentence imposed by the trial court is inappropriate and seeks review under Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. This Court has long recognized the "special expertise of the trial bench in making sentencing decisions." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006). However, "[w]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The defendant has the burden to "persuade the appellate court that

3

his or her sentence has met th[e] inappropriateness standard of review." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

"Regarding the nature of the offense, the [advisory] sentence … is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Id*. at 1081. "A person who commits a Class D felony shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1½) years." Ind. Code § 35-50-2-7. We agree with Gabbard's assertion that receiving stolen property is not a violent offense. However, not only did Gabbard receive the stolen property, but he also transported the thief around during the commission of the theft. Appellant's App. Confidential Vol. 2 at 6. As for the character of the offender, his extensive criminal history speaks for itself. Gabbard has acquired nine adult criminal convictions at the age of twenty-two, which is more than most repeat offenders will possess in a lifetime. His failure to report to probation and his commission of a new crime two weeks after the trial court sentenced him for the previous crime shows his consistent and blatant disregard for authority, and his lack of desire to follow the laws of our State. Given the facts surrounding the nature of the offense and the character of the offender, the trial court appropriately imposed the maximum sentence. Accordingly, Gabbard has failed to persuade us that his sentence is inappropriate.[1]

---

[1] To the extent Gabbard challenges the court's execution of his suspended sentences under Indiana Appellate Rule 7(B), that is the improper standard. "A trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Gabbard has failed to establish an abuse of discretion.

Also, to the extent Gabbard contends that the court abused its discretion in failing to consider his completion of the self-direction program and his GED practice test results as mitigating circumstances, he has not developed an argument on this point.

Gabbard also asserts that the trial court's imposition of a consecutive sentence was inappropriate. The trial court was statutorily required to do so. Indiana Code Section 35-50-1-2(d)(1) provides that:

> [I]f, after being arrested for one (1) crime, a person commits another crime: before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime … the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

Gabbard committed the instant crime of class D felony receiving stolen property two weeks after the trial court extended Gabbard's probation under Cause 1002 and Cause 30. Not only was the trial court appropriate in ordering a consecutive sentence, it was obligated to.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.